MZ 2025R00170

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

UNITED STATES OF AMERICA

v.

JAMAL DESOUZA,
[redacted]

Defendants.

CRIMINAL NO. SAG-26-385

(Conspiracy to Possess, Sell, and Transport Stolen Motor Vehicles, 18 U.S.C. § 371; Possession, Receipt, Storage, or Sale of Stolen Vehicles, 18 U.S.C. § 2313; Aiding and Abetting, 18 U.S.C. § 2; Forfeiture,18 U.S.C. § 982(a)(5) and (b)(l), 21 U.S.C. § 853(p), and 28 U.S.C. § 246 1(c))

# INDICTMENT

## COUNT ONE
(Conspiracy to Possess, Sell, and Transport Stolen Motor Vehicles)

The Grand Jury for the District of Maryland charges that:

### Introduction

At all times material to this Indictment:

1. Bel Air Auto Auction (Bel Air Auto) was a wholesale vehicle marketplace that sold motor vehicles, located in Belcamp, Maryland.

2. A Self Storage is a storage unit business, with multiple locations in New Jersey and New York.

### The Conspiracy and Its Object

3. Between in or about January 2025 and continuing through in or about March 2025, in the District of Maryland and elsewhere, the defendants,

JAMAL DESOUZA,
[redacted]

[redacted]

knowingly and willfully combined, conspired, confederated, and agreed with together with each other and others, known and unknown to the Grand Jury, to commit an offense against the United States, specifically, to receive, possess, conceal, store, barter, sell and dispose of motor vehicles, which vehicles had crossed a State boundary after being stolen, in Violation of Title 18 U.S.C. § 2313.

**Object of the Conspiracy**

4. It was a principal goal of the conspiracy that, in order to obtain money and other things of value, the defendants and co-conspirators not indicted herein, acquired stolen vehicles in the District of Maryland and elsewhere, and facilitated the transportation of the stolen vehicles interstate and internationally.

**Manner and Means of the Conspiracy**

5. The conspiracy was carried out through the following manner and means, among others:

a. From at least in or about January 2025 through in or about March 2025, **DESOUZA,** [redacted] and others known and unknown to the Grand Jury, engaged in a scheme to steal vehicles from Maryland and then transport those stolen vehicles to Iraq and elsewhere, using local and international shipping companies.

b. It was further part of the conspiracy that **DESOUZA,** [redacted] and others known and unknown to the Grand Jury, stole vehicles from the Bel Air Auto in the District of Maryland.

c. It was further part of the conspiracy that [redacted] and others known and unknown to the Grand Jury, maintained storage units, including units at A Self Storage in various

locations in New Jersey.

d. It was further part of the conspiracy that, after causing the vehicles to be stolen, one or more of the co-conspirators and others known and unknown to the Grand Jury transported the stolen vehicles to various storage locations in Baltimore City, Maryland, Little Ferry, New Jersey, and elsewhere, with the intent to hide the vehicles from law enforcement.

e. It was further part of the conspiracy that one or more of the co-conspirators and others known and unknown to the Grand Jury would alter, remove, or disguise the identity of stolen vehicles, by, among other means, exchanging license plates and obscuring vehicle identification numbers ("VINs").

f. It was further part of the conspiracy that one or more of the co-conspirators, and others known and unknown to the Grand Jury, would arrange for the stolen vehicles to be sold to purchasers in the United States and abroad.

g. It was further part of the conspiracy that, after causing the vehicles to be stolen, one or more of the co-conspirators and others known and unknown to the Grand Jury would arrange for the stolen vehicles to be transported across state lines and overseas.

h. It was further part of the conspiracy that one or more of the co-conspirators and others known and unknown to the Grand Jury would arrange for the stolen vehicles to be shipped interstate and internationally, to New Jersey, New York, Virginia, Iraq, and elsewhere.

**Overt Acts**

6. In furtherance of the conspiracy and to effect the object of the conspiracy, the following overt acts, among others, were committed in the District of Maryland and elsewhere:

a. On or about January 5, 2025, in the District of Maryland, [redacted] and others known and unknown to the Grand Jury, cut a hole in the fence at Bel Air Auto. **DESOUZA,** [redacted] and others known and unknown to the Grand Jury then

climbed through the hole to enter Bel Air Auto and stole the following 10 vehicles from Bel Air Auto.

i. a gray 2022 Cadillac Escalade, VIN 1GYS4PKL8NR307443 ("Escalade #1"),

ii. a black 2025 Cadillac Escalade, VIN 1GYS9RRL8SR107578 ("Escalade #2"),

iii. a black 2025 Cadillac Escalade, VIN 1GYS9RRL4SR107528 (Escalade #3),

iv. a black 2025 Cadillac Escalade, VIN 1GYS9RRL5SR107571 ("Escalade #4"),

v. a black 2025 Cadillac Escalade, VIN 1GYS9RRLXSR108103 ("Escalade #5"),

vi. a black 2025 Cadillac Escalade, VIN 1GYS9RRL5SR107540 ("Escalade #6"),

vii. a black 2025 Cadillac Escalade, VIN 1GYS9RRLXSR107825 ("Escalade #7"),

viii. a black 2024 Cadillac Escalade, VIN 1GYS4GKL7RR333036 ("Escalade #8"),

ix. a black 2024 Cadillac Escalade, VIN 1GYS4PKL3RR332871 ("Escalade #9"), and

x. a black 2025 Chevrolet Suburban, VIN 1GNS6GRL2SR144393 ("the Suburban").

b. On or about January 5, 2025, **DESOUZA** contacted other conspirators known and unknown to the Grand Jury and coordinated the sale of at least four of the stolen Escalades.

c. On or about January 5, 2025, **DESOUZA** and others known and unknown to the Grand Jury, placed an Apple Air Tag inside multiple of the Escalades.

d. On or about January 5, 2025, [redacted] and others known and unknown to the Grand Jury transported Escalade #4 from Maryland to Washington, D.C.

e. On or about January 5, 2025, through on or about January 7, 2025, [redacted] and **DESOUZA** coordinated the transportation four of the stolen Escalades to an address in New Jersey in order to facilitate their sale, specifically Escalade #2, Escalade #3, Escalade #6, and Escalade #7.

f. On or about January 7, 2025, **DESOUZA** texted [redacted] the same address in New Jersey referenced in paragraph 6e, and caused members of the conspiracy to transport Escalade #2, Escalade #3, Escalade #6, and Escalade #7 from Maryland to New Jersey.

g. On or about January 8, 2025, [redacted] transported Escalade #1 to Calvert County, Maryland in order to coordinate its sale.

h. On or about January 8, 2025, members of the conspiracy stored Escalade #3 at A Self Storage, in New Jersey, in a unit associated with [redacted]

i. On or about January 10, 2025, members of the conspiracy transported Escalade #7 from New Jersey to New York.

j. On or about January 10, 2025, [redacted] removed the license plate from Escalade #3 and loaded it onto a transporter in order to facilitate its transportation and sale.

k. On or about January 11, 2025, members of the conspiracy stored Escalade #6 at A Self Storage, in New Jersey, in a unit associated with [redacted]

l. On or about January 19, 2025, members of the conspiracy transported Escalade #8 to Georgia.

m. On or about January 31, 2025, members of the conspiracy transported Escalade #5 to Virginia.

n. On or about February 24, 2025, members of the conspiracy transported Escalade #9 to Virginia.

18 U.S.C. § 371

**COUNT 2**
**(Receipt and Possession of a Stolen Motor Vehicle)**

The Grand Jury for the District of Maryland further charges that:

1. Paragraphs 1, 2, 4, and 6 of Count One are incorporated here.

2. From on or about January 5, 2025 through on or about January 10, 2025, in the District of Maryland, the defendants,

[redacted]

did receive, possess, conceal, store, barter, sell and dispose of a motor vehicle, that is, Escalade #7, which vehicle had crossed a State boundary after being stolen, knowing that vehicle to have been stolen.

18 U.S.C. § 2313
18 U.S.C. § 2

**<u>COUNT 3</u>**
**(Receipt and Possession of a Stolen Motor Vehicle)**

The Grand Jury for the District of Maryland further charges that:

1. Paragraphs 1, 2, 4, and 6 of Count One are incorporated here.

2. From on or about January 5, 2025 through on or about January 10, 2025, in the District of Maryland, the defendants,

**JAMAL DESOUZA,**

[redacted]

did receive, possess, conceal, store, barter, sell and dispose of a motor vehicle, that is, Escalade #3, which vehicle had crossed a State boundary after being stolen, knowing that vehicle to have been stolen.

18 U.S.C. § 2313
18 U.S.C. § 2

**COUNT 4**
**(Receipt and Possession of a Stolen Motor Vehicle)**

The Grand Jury for the District of Maryland further charges that:

1. Paragraphs 1, 2, 4, and 6 of Count One are incorporated here.

2. From on or about between January 5, 2025 through on or about January 11, 2025, in the District of Maryland, the defendants,

[redacted]

did receive, possess, conceal, store, barter, sell and dispose of a motor vehicle, that is, Escalade #6, which vehicle had crossed a State boundary after being stolen, knowing that vehicle to have been stolen.

18 U.S.C. § 2313
18 U.S.C. § 2

**COUNT 5**
**(Receipt and Possession of a Stolen Motor Vehicle)**

The Grand Jury for the District of Maryland further charges that:

1. Paragraphs 1, 2, 4, and 6 of Count One are incorporated here.

2. On or about January 5, 2025 through on or about January 10, 2025, in the District of Maryland, the defendants,

**JAMAL DESOUZA,**

[redacted]

did receive, possess, conceal, store, barter, sell and dispose of a motor vehicle, that is, Escalade #2, which vehicle had crossed a State boundary after being stolen, knowing that vehicle to have been stolen.

18 U.S.C. § 2313
18 U.S.C. § 2

**<u>COUNT 6</u>**
**(Receipt and Possession of a Stolen Motor Vehicle)**

The Grand Jury for the District of Maryland further charges that:

1. Paragraphs 1, 2, 4, and 6 of Count One are incorporated here.

2. On or about January 5, 2025 through on or about January 10, 2025, in the District of Maryland, the defendant,

[redacted]

did receive, possess, conceal, store, barter, sell and dispose of a motor vehicle, that is, Escalade #4, which vehicle had crossed a State boundary after being stolen, knowing that vehicle to have been stolen.

18 U.S.C. § 2313
18 U.S.C. § 2

## COUNT 7

**(Receipt and Possession of a Stolen Motor Vehicle)**

The Grand Jury for the District of Maryland further charges that:

1. Paragraphs 1, 2, 4, and 6 of Count One are incorporated here.

2. On or about January 5, 2025 through on or about January 9, 2025, in the District of Maryland, the defendant,

[redacted]

did receive, possess, conceal, store, barter, sell and dispose of a motor vehicle, that is, Escalade #1, which vehicle had crossed a State boundary after being stolen, knowing that vehicle to have been stolen.

18 U.S.C. § 2313
18 U.S.C. § 2

## FORFEITURE ALLEGATION

The Grand Jury for the District of Maryland further charges that:

1. Pursuant to Federal Rule of Criminal Procedure 32.2, notice is given to the defendants that the United States will seek forfeiture as part of any sentence in accordance with 18 U.S.C. § 982(a)(5) and (b)(l), 21 U.S.C. § 853(p), and 28 U.S.C. § 246 1(c) as a result of a conviction under any of the alleged offenses in Counts One through Seven of this Indictment.

### Stolen Motor Vehicle Forfeiture

2. Upon conviction of any of the offenses alleged in Counts through Seven of this Indictment, the defendants,

[redacted]

shall forfeit to the United States, pursuant to 18 U.S.C. § 982(a)(5), any property, real or personal, which represents or is traceable to the gross proceeds obtained, directly or indirectly, as a result of such offenses.

### Substitute Assets

3. If any of the property described above as being subject to forfeiture, as a result of any act or omission of any defendant,

a. cannot be located upon the exercise of due diligence;

b. has been transferred or sold to, or deposited with, a third person;

c. has been placed beyond the jurisdiction of the Court;

d. has been substantially diminished in value; or

e. has been commingled with other property which cannot be divided without difficulty,

the United States shall be entitled to forfeiture of substitute property up to the value of the forfeitable property described above pursuant to 21 U.S.C. § 853(p), as incorporated by 28 U.S.C. § 2461(c).

18 U.S.C. § 982(a)(5) and (b)(l)
21 U.S.C. § 853(p)
28 U.S.C. § 246l(c)

Kelly O. Hayes
United States Attorney

A TRUE BILL

SIGNATURE REDACTED
Foreperson

10/29/2026
Date